UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| THEODORE GUZMAN,<br><br>            Petitioner,<br><br>   vs.<br><br>THERESA BITTINGER, WARDEN OF THE SOUTH DAKTOA STATE PENITENTIARY,<br><br>            Respondent. | 5:23-CV-05088-RAL<br><br>REPORT AND RECOMMENDATION ON MOTION FOR STAY AND ABEYANCE (DOC. 4) AND MOTION TO DISMISS (DOC. 11) |

Pending is Theodore Guzman's motion for stay and abeyance. (Doc. 4). The State of South Dakota, on behalf of Theresa Bittinger, filed a response to Guzman's motion and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 11). Guzman replied to the Government's response. (Doc. 13).

Guzman was convicted of three counts of first-degree rape and one count of sexual contact in the spring of 2021. See Pennington County Crim. No. 18-1107. He appealed his convictions, raising six claims for relief. On November 16, 2022, the South Dakota Supreme Court affirmed Guzman's judgment and conviction on all counts. State v. Guzman, 2022 S.D. 70, 982 N.W.2d 875. Approximately 100 days later, Guzman applied for a writ of habeas corpus in state court. See Pennington County Civ. No. 23-239. That petition is still pending.

In December 2023, Guzman filed a petition for writ of habeas corpus with this court. (Doc. 1). Guzman asks for a stay of his habeas case, so he is

1

not time-barred from seeking federal review of the claims in his petition which may have been exhausted on direct appeal but not subsequently raised in his state habeas petition. (Doc. 4).

However, Guzman's clock is not ticking because under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244(d)(2); see Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); see also Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). Simply put, Guzman's statute of limitation is tolled while his application for state post-conviction relief is pending. Thus, Guzman need not be concerned about the statute of limitations yet.

Guzman's judgment became final on February 14, 2023, ninety days after the state supreme court's opinion was filed. When Guzman timely filed his application for habeas relief in state court on February 28, 2023, the one-year AEDPA statute of limitations was paused. Therefore, only fourteen days of his 365-day time limitation have passed. His clock for filing a federal habeas petition will not start ticking again until there is a final disposition of the state habeas action in Pennington County Civ. No. 23-239 because, as discussed previously, the days that elapse when an action for state court post-conviction relief is pending do not count against the one-year AEDPA statute of limitation. 28 U.S.C. § 2244(d)(2); see Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Before a federal court can review claims of post-conviction relief, a petitioner has the burden of showing that he exhausted his state court remedies. 28 U.S.C. § 2254(b) and (c). Guzman cannot show his claims are exhausted because his state habeas case remains pending; therefore, a dismissal without prejudice is appropriate. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (a "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition"); see also Rose v. Lundy, 455 U.S. 509, 522 (1982).

Guzman argues his case should be held in abeyance his as allowed by the United States Supreme Court decision in Rhines v. Weber, 544 U.S. 269 (2005). (Doc. 4). The government argues that, pursuant to Rhines, "although the court has the discretion to grant Guzman's motion, it shouldn't – at least [not] yet." (Doc. 11, p. 7). Charles Russell Rhines, a state inmate awaiting the death penalty, timely filed a federal habeas petition, but it took nearly two and a half years for the federal district court to determine that eight of Rhines's claims were not exhausted as required by § 2254. Rhines, 544 U.S. at 272. By that time, his one-year AEDPA statute of limitation had run. Id. The district court ordered Rhines's § 2254 case be stayed so Rhines could return to state court and fully exhaust those claims. Id. at 273. Here, this court finds that Guzman's case is premature even under Rhines.

Guzman's federal habeas case need not be stayed because his petition is premature. Accordingly, Guzman's current petition should be is dismissed without prejudice because he has not exhausted his claims in state court; he

3

will have 351 days to file his federal habeas application after the decision in his state habeas case is entered. It is hereby

RECOMMENDED that Guzman's motion for stay and abeyance (Doc. 4) be denied. It is further

RECOMMENDED that Respondent's motion to dismiss without prejudice (Doc. 11) be granted.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 17th day of July, 2024.

BY THE COURT:

DANETA WOLLMANN
United States Magistrate Judge